UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH KAMYAB,<br><br>           Plaintiff,<br><br>       v.<br><br>FRANCIS A. RODRIGUEZ,<br><br>           Defendant. | CASE No. 1:12-cv-01947-DLB (PC)<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 17) |

**I.    Background**

Plaintiff Kaveh Kamyab ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff filed his original complaint on November 30, 2012 and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On June 5, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 10.) On December 4, 2013, the Court dismissed Plaintiff's First Amended Complaint, with leave to amend, for failure to state a claim. (ECF No. 14.) On February 10, 2014, Plaintiff filed a Second Amended Complaint, which is presently before the Court for screening. (ECF No. 17.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.     Summary of Complaint**

Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names Francis A. Rodriguez (correctional officer) as the defendant in this action.

Plaintiff alleges the following. On or about September 12, 2011, C.O. Chavez asked Plaintiff to clean the staff bathroom. Plaintiff told her that his job was a caregiver and that she should ask a porter to clean the bathroom. Plaintiff said that although he did not mind helping out, it was inappropriate for C.O. Chavez to ask him.

On September 14, 2011, at 6:30 p.m., C.O. G. Snyder called him to go to the program office. As Plaintiff approached the office, C.O. Metzler asked for Plaintiff's ID card. He then told Plaintiff that Defendant F.A. Rodriguez wanted to see him in the administrative complex. Plaintiff asked C.O. Metzler why he had to go to the administrative complex because the normal procedure was to see Defendant Rodriguez at his office in the yard. C.O. Metzler replied that if Plaintiff refused to go, he would be taken in cuffs. As a result, Plaintiff complied.

At the administrative complex, Defendant Rodriguez handed C.O. Metzler two-handwritten complaints and had him read them to Plaintiff. The complaints were work related and Plaintiff assumed that C.O. Chavez wrote them. Plaintiff was not given an opportunity to view the documents. Defendant Rodriguez began yelling at Plaintiff that everyone needed to work. Defendant Rodriguez told Plaintiff that he would be sent to administrative segregation ("Ad-Seg") because of his refusal to work. Plaintiff tried to explain that he had not received any 115s or 128s and had not been charged with anything. Plaintiff also pointed out that refusing to work is not an Ad-Seg offense. Defendant Rodriguez refused to listen to Plaintiff and ordered C.O. Metzler to

take Plaintiff back to the program, strip him down, and put him in a holding cage until Ad-Seg paperwork could be processed.

C.O. Metzler followed orders and escorted Plaintiff back to the program office. C.O. Metzler un-cuffed Plaintiff, had him strip nude, and had him squat and cough so that he could see Plaintiff's anus. C.O. Metzler gave him boxer shorts and placed him in the holding cage. After about an hour and a half, Sergeant K.C. Willet came into the room and was surprised to see Plaintiff. Plaintiff explained why he was in the holding cell. Sergeant K.C. Willet then said, "We can't do this, this guy has not even been written up." Plaintiff was then let out of the holding cell and allowed to return to his housing unit.

Plaintiff asserts a state law claim for intentional infliction of emotional distress. Plaintiff requests declaratory and injunctive relief and monetary damages.

**III.    Analysis**

    A.    <u>Fourteenth Amendment—Due Process</u>

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Wilkinson*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. *Id*. The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. *Id.* at 221-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 221(citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Here, Plaintiff's allegations fail to state a claim against any named defendants for

violations of his due process rights. Plaintiff's allegations of being strip searched and placed in a holding cell for only an hour and a half does not rise to the level of an atypical and significant hardship on the Plaintiff in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484.) Accordingly, Plaintiff fails to state a liberty interest and does not state a due process claim against any named defendants.

B.  Eighth Amendment—Conditions and Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Hudson*, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison

official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." *Farmer*, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  *Id.* at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  *Id.* at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff's allegations of being placed in a holding cell for an hour and a half do not rise to the serious level of an Eighth Amendment claim.  *Hudson* at 9 ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.").  Accordingly, Plaintiff fails to state an Eighth Amendment claim against any defendants.

C.      State Law Claims—Intentional Infliction of Emotional Distress

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a

claim for intentional infliction of emotional distress against any defendants.

**IV.     Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any defendants. The Court has previously provided Plaintiff with the legal standards for his claims and has granted leave to amend his complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). Here, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.     This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983;

2.     This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g*). Silva v. Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and

3.     The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.

   Dated:    **May 9, 2014**                        /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE